UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIM HARVEY and
MARGUERITE HARVEY,
his spouse,

       Plaintiffs,

v.                                                      Case No.  8:05-cv-936-T-24 EAJ

HOME DEPOT U.S.A., INC.,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Strike Affirmative Defenses. (Doc. No. 6).  Defendant opposes this motion.  (Doc. No. 11).

**I.  Background**

Plaintiffs allege the following in their complaint (Doc. No. 2): Plaintiff Tim Harvey is employed by Beaulieu of America ("Beaulieu") as a territory sales manager for Home Depot stores in west-central Florida.  While servicing the Beaulieu carpet inventory and displays at a Home Depot Store, Mr. Harvey tripped on a strap hanging from a pallet that was placed behind him by a Home Depot employee.  As a result, Mr. Harvey has asserted a negligence claim against Defendant Home Depot U.S.A., Inc. ("Home Depot"), and his wife, Plaintiff Marguerite Harvey, has asserted a loss of consortium claim against Home Depot.

Home Depot filed an answer, defenses, and affirmative defenses to Plaintiffs' complaint. (Doc. No. 3).  In response, Plaintiffs move to strike some of Home Depot's defenses and affirmative defenses.

**II. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "In evaluating a motion to strike, 'the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting LeMaster v. USAA Life Ins. Co., 1995 WL 708656, at *1 (M.D. Fla. Nov. 27, 1995)). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp., 211 F.R.D. at 683 (quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

**III. Motion to Strike**

Plaintiffs move to strike Home Depot's defenses and affirmative defenses contained in paragraphs 7, 8, 9, 10, 11, 16, and 17 of its answer. Home Depot consents to the Court striking

the defenses contained in paragraphs 8, 16, and 17.[1]  Accordingly, the Court will analyze the remaining defenses and affirmative defenses at issue.

### A.  Paragraph 7

In paragraph 7 of its answer, Home Depot asserts the affirmative defense that Plaintiffs' injuries were caused by a person or entity for whose conduct Home Depot bears no responsibility.  Plaintiffs argue that in order for Home Depot to plead the affirmative defense of negligence of a non-party, Home Depot must identify the non-party, which Home Depot has failed to do.  See Nash v. Wells Fargo Guard Services, Inc., 678 So. 2d 1262, 1264 (Fla. 1996); see also Fla. Stat. § 768.81(3)(d).  Home Depot responds that it consents to the dismissal of this affirmative defense as long as the Court grants it leave to amend its answer if and when the identity of the non-party tortfeasor is discovered.  While the Court will entertain a motion to amend affirmative defenses, the Court cannot assure Home Depot that it will be granted; however, if such a motion is timely filed after the discovery of information identifying the alleged non-party tortfeasor and does not affect the dispositive motion deadline in this case, a motion to amend will likely be granted.  Accordingly, the Court grants Plaintiffs' motion to strike this affirmative defense.

### B.  Paragraph 9

In paragraph 9 of its answer, Home Depot asserts the defense that Plaintiffs cannot prove that Home Depot caused their injuries.  Plaintiffs contend that this defense should be stricken,

---

[1] Home Depot points out that had Plaintiffs conferred with Home Depot, as required by Local Rule 3.01(g), Plaintiff would not have had to seek some of the relief requested in the motion, as Home Depot is consenting to the dismissal of some of its defenses.  In the future, Plaintiffs are directed to confer with Home Depot before filing motions in this case.

because it is not an *affirmative* defense. Home Depot responds that it included this defense in an abundance of caution.

Upon consideration, the Court denies Plaintiffs' request that this defenses be stricken, since Plaintiffs have not shown that they are prejudiced by the inclusion of this defense. Furthermore, the Court notes that Plaintiffs would gain nothing if the Court were to strike this defense, because Plaintiffs will still have to face the denials of their negligence claim. See Van Schouwen v. Connaught Corp, 782 F. Supp. 1240, 1247 (N.D. Ill. 1991). Accordingly, the Court denies Plaintiffs' motion to strike this defense.

### C.  Paragraph 10

In paragraph 10 of its answer, Home Depot asserts the defense that the condition complained of was an open and obvious condition, thus barring or reducing Plaintiffs' claims for damages. Plaintiffs argue that this implied assumption of risk affirmative defense is subsumed within the affirmative defense of comparative negligence. See McGraw v. R & R Investments, Ltd., 877 So. 2d 886, 891(Fla. 1st DCA 2004)(citing Blackburn v. Dorta, 348 So. 2d 287, 293 (Fla. 1977)). Upon consideration, the Court denies Plaintiffs' motion to strike this defense, since they have not shown that they are prejudiced by its inclusion.

### D.  Paragraph 11

In paragraph 11 of its answer, Home Depot asserts the affirmative defense of comparative negligence, as set forth in Florida Statute § 768.81. The comparative negligence statute: (1) diminishes damages awarded to a plaintiff proportionately with the amount of fault chargeable to him or her, and (2) apportions damages between defendants and non-party tortfeasors. It is unclear whether Home Depot is alleging that this statute applies because

Plaintiffs were negligent and/or because a non-party caused Plaintiffs' damages. As such, Home Depot must re-plead this affirmative defense with sufficient factual allegations in order to make the affirmative defense clear to Plaintiffs and the Court. Accordingly, the Court grants Plaintiffs' motion to strike this affirmative defense.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion to Strike Affirmative Defenses (Doc. No. 6) is **GRANTED IN PART AND DENIED IN PART**: The Court strikes Home Depot's defenses and affirmative defenses contained in paragraphs 7, 8, 11, 16, and 17 of its answer; otherwise, the motion is **DENIED**.

(2) Home Depot may file an amended answer and affirmative defenses by June 27, 2005 in order to properly allege the affirmative defense of comparative negligence that was set forth in paragraph 11.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of June, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record